# United States Court of Federal Claims

David C. Shnier
Evelyn Z. Shnier
(Plaintiffs)

vs

The United States
(Defendant)

**18-1257 T**

Regarding the Internal Revenue Service (IRS) Alleged Miss-Application of Passive Foreign Investment Corporation (PFIC) Laws (as Explained in the **Tax Reform Act of 1986**,) against Pre-Existing non-Willful, Single-Share, Minority Ownership, in Encumbered Canadian Ancestral Holdings, that were never Funded by the Plaintiffs, and never Funded by United States Sourced Monies or Income.

## Table of Contents

| | |
|---|---|
| Cover Page | Page 1 of 10 |
| Complaint | Page 2 of 10 |
| Extract from Arguments Submitted by the Plaintiffs to the IRS during the IRS Appeals Process. | Pages 3 and 4 of 10 |
| Fulfillment of The United States Court Of Federal Claims (RCFC) **Rule 9(M),** which are Requirements For a Tax Refund Claim; Including all Requested Documentation as per RCFC Rule 9(M) | Pages 5, 6, 7, 8, 9, and 10 of 10 |

Original

Received - USCFC

AUG 2 1 2018

i

# In the United States Court of Federal Claims

David C. Shnier

Evelyn Z. Shnier
Plaintiff(s)

v.

THE UNITED STATES
Defendant.

Case No. 18-1257 T

Judge _____

FILED
AUG 21 2018
U.S. COURT OF
FEDERAL CLAIMS

## COMPLAINT

Your complaint must be clearly handwritten or typewritten, and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space, you may use another blank page. If you intend to proceed without the prepayment of filing fees (*in forma pauperis* (IFP)), pursuant to 28 U.S.C. § 1915, you must file along with your complaint an application to proceed IFP.

**1. Jurisdiction.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see e.g.*, 28 U.S.C. §§ 1491-1509).

The complaint is tied to decisions rendered by the Internal Revenue Service (IRS) in 2017, and which for the most part we were un-successful in our attempt to appeal the decisions through the IRS Appeals process, that concluded in May 2018. According to the IRS Appeals decision letter "1363" dated May 15, 2018, we can contend the decisions in the **United States Court of Federal Claims**. The decisions in question were a result of my participation in the IRS Offshore Voluntary Disclosure Program (OVDP) and beyond, in an effort to be compliant with reporting Canadian assets and accounts that existed at the time of my emigration to the US from Canada.

**2. Parties.**

Plaintiff #1, David C. Shnier **resides at:** 3401 Olympia Ave., Baltimore MD 21215-1735   410-358-7532 or 443-257-1860
(Street Address)   (City, State, Zip Code)   (Telephone Numbers)

Plaintiff #2, Evelyn Z. Shnier **resides at:** 3401 Olympia Ave., Baltimore MD 21215-1735   410-358-7532 or 410-292-3693
(Street Address)   (City, State, Zip Code)   (Telephone Numbers)

**Related Cases.** Is this case directly related to any pending or previously filed cases in the United States Court of Federal Claims?  ○ Yes  ● No

**3. STATEMENT OF THE CLAIM** State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

We believe the IRS has miss-applied the laws of *Passive Foreign Investment Corporations* (PFIC) as explained in the **Tax Reform Act of 1986**, to my non-willful, encumbered inherited single share, minority ownership in a Canadian holding company, and indirect minority ownership in another Canadian holding company; which exist through Canadian estate planning undertaken decades ago by my Canadian parents and Canadian uncles, long before my emigration to the US. This interest is non-signatory, and the companies in question are mostly non-liquid and jointly owned by two Canadian brothers and dozens of Canadian uncles and Canadian cousins. These companies began as Canadian operating companies, were later re-purposed as Canadian investment companies, and have *never* been funded by United States sourced monies or income. PFIC laws as conceived in the **Tax Reform Act of 1986** and as explained on page 1,023 in **Congressional Publication #72-236 JCS-10-87 (General Explanation Of The Tax Reform Act Of 1986 (B.R. 3838, 99th Congress; Public Law 99-514),** are aimed at Americans who actively invest money in foreign corporations to avoid or postpone current taxation. They are complex, costly to comply, and were not intended for non-willful inherited Canadian situations as mine. *(see 1st page following this page)*. Furthermore, with this alleged miss-applied PFIC treatment, the IRS has arguably violated several of the IRS Tax Payers Bill of Rights *(see 2nd page following this page)*. Also, they have arguably, vilolated tax-treaties between Canada and the United States that would only view Canadian dividend income as taxable less Canadian taxes paid as shown on the "NR4" Canadian issued tax-slip, and not based on un-realized income; nor requiring the complex IRS tax-form "8621".

**4. Relief.** Briefly state exactly what you want the court to do for you.

We would like the Court to order the IRS follow the original intent of the **Tax Reform Act of 1986** and to desist from classifying as PFICs (which require form 8621) to non willfull, encumbered, ancestral holdings such as we have described in our complaint, and to reward us with at least **$99,706** which represents the back taxes, penalties, and interest which were not refunded through our IRS Appeals claim; combined with 50-percent of the legal and accounting fees, which have been incurred to date through our efforts to report these Canadian ancestral holdings as PFIC's.

We declare under penalty of perjury that the foregoing is true and correct.
Signed this 19 day of AUG, 2018
(day)   (month)   (year)   page 2 of 10

*[Signatures]*
Received - USCFC
AUG 21 2018

Signature of Plaintiff(s)

## Sources Explaining the Original Purpose of the Passive Foreign Investment Corporation (PFIC) Laws and why they do not Apply to Our Situation

| Sources | Argument |
|---|---|
| Source: **General Explanation Of The Tax Reform Act Of 1986** (B.R. 3838, 99TH CONGRESS; PUBLIC LAW 99-514) Prepared By The Staff Of The Joint Committee On Taxation. Title X12.6, Page 1023 **Reasons for Change.** This publication is available at this government website: http://www.jct.gov/jcs-10-87.pdf<br><br>"Congress did not believe that tax rules should effectively operate to provide U.S. investors tax incentives to make investments outside the United States rather than inside the United States. Since current taxation generally is required for passive investments in the United States, Congress did not believe that U.S. persons who invest in passive assets should avoid the economic equivalent of current taxation merely because they invest in those assets indirectly through a foreign corporation."<br><br>Source: **IRS publication # PLR-146165-07**, Number: 200813036 Release Date: 3/28/2008, Index Number: 1297.00-00, 1297.04-00, 1296.02-02. This publication is available at this website: https://www.irs.gov/pub/irs-wd/0813036.pdf wherein it states:<br><br>"The PFIC provisions were enacted as part of the Tax Reform Act of 1986 (The Act), P.L. 99-514, to eliminate the deferral advantage achieved by U.S. investors making passive investments through foreign corporations."<br><br>Source: 2015 Congressional Record<br>https://www.congress.gov/congressional-record/2015/06/25/senate-section/article/S4650-1<br>Senator Ron Wyden (D-Oregon)<br><br>"The PFIC rules are designed to prevent U.S. taxpayers from delaying U.S. tax on investment income by holding investments through offshore corporations". | All of these citations clearly indicate that the application of the PFIC reporting and taxation requirements is when there is a willful intent where a United States person directly or indirectly invested money of *US sourced money* in a foreign investment corporation due to some tax advantageous reason or monetary incentive. This *absolutely* does not apply in our situation. The IRS has deviated from the original intent of our elected law-makers. We therefore question the justice that is being served when the IRS miss-applies these highly complicated and punitive PFIC laws to a ***non-willful*** non-US-funded, inherited, encumbered situation as mine which is obviously not the target of our elective law-makers in 1986. The IRS PFIC acid tests of ownership percentage or percentage of passive assets, are meaningless when these tests are *taken ridiculously out of context*.<br><br>Some professional tax advisers have suggested that the IRS justification for applying the PFIC laws out context is analogous to setting a giant *"fishing net"* that happens to catch all "fish" including those <u>**not**</u> intended by the original PFIC laws. One would hope that the IRS is not relying on that comparison; as any child knows that the first rule of fishing is to throw the small fish back; and any high school student know that commercial fisheries around the world are governed by strict rules as to the nature of the fishing gear that is used for the specific species of fish being harvested.<br>To illustrate, one should review this link at the State of Maryland Department of Natural Resources (DNR) for commercial fishing regulations on the Chesapeake at:<br>http://dnr.maryland.gov/fisheries/Pages/regulations/bay_regs.aspx |

## IRS Tax Payers Bill of Rights that run Contrary to Applying the PFIC Laws to our Non-Willful Situation

The complex PFIC laws run contrary to several of the Tax Payer Bill of Rights that are detailed at this IRS website https://www.irs.gov/taxpayer-bill-of-rights.   Here are some examples:

### The Right to be informed.   //www.irs.gov/taxpayer-bill-of-rights#informed

In 1997, when I asked my immigration lawyer about my US tax reporting vis-vis interests in Canada, she only referred to items represented on an NR4 form. She said nothing about PFIC laws.  During my US citizenship naturalization process which took place during 2005-2007, there was absolutely nothing mentioned about PFIC laws or other offshore taxation issues.   I have had two tax-preparers since moving to the United States who prepare thousands of tax-returns, and none of them are familiar with PFIC or other offshore laws.  Instead, I have to retain an expensive specialized firm to prepare the related tax forms.  In fact the first that I heard about the IRS PFIC laws and the possibility that I was impacted by them, came in 2007 through a Canadian accounting firm's study sent to me by the Canadian accountant who manages over my father and uncles Canadian holding companies. The laws were not made known to me by an IRS source or US immigration source.

### The Right to Quality Service.   //www.irs.gov/taxpayer-bill-of-rights#service

There is no specialized telephone help line for offshore tax issues and questions.  Furthermore, the Tax Payers Advocate Service (TAS) has no expertise on offshore tax issues.  One is forced to hire expensive accounting specialists and tax lawyers.

### IRS will not tolerate discrimination based on age, color, disability, race, reprisal, national origin, English proficiency, religion, sex, sexual orientation or status as a parent   //www.irs.gov/about-irs/your-civil-rights-are-protected

Note the part about "national origin" The pre-existing PFIC laws as they being applied to pre-existing non-willful foreign passive assets", are discriminatory against immigrants who inherit a legacy from their place of birth. Had my father and brothers been American and had the floor covering company been an American company and had the proceeds from its sale, been invested in American based funds in an equally tax advantageous way (which can be done according to all of the accountants that I have spoken to), then the taxation rules would have been less harsh, non-punitive, easier to comply, based on realized income and not un-realized income; and we would not have to hire high-priced lawyers or specialized accounting firms.  In other words, had my legacy been American and not Canadian, my tax treatment would have been much simpler and less harsh.

### The Right to a Fair and Just Tax System.   //www.irs.gov/taxpayer-bill-of-rights#fair

We find it extremely unfair and unjust that the punitive, complex, and expensive to comply PFIC tax laws which were created for an entirely different target, would be applied by the IRS, to the un-willful, encumbered, non-liquid situation as my situation.   Furthermore, under this Right it states: "Taxpayers have the right to receive assistance from the Taxpayer Advocate Service."  When we sought advice from our Baltimore taxpayers advocate service (TAS) as per the recommendations from our congressman, the TAS representative  professed that they have no offshore expertise at the Baltimore office and that she would have to seek someone from elsewhere in the country.  The person who she finally located was hardly accessible and when finally getting to speak to that person during a single teleconference call in September 2016, he behaved like an examiner with offshore taxation knowledge who merely reiterated the IRS hardline position that we found unreasonable to begin with. He did not behave like an advocate from a TAS office.  Even if the TAS office had been able to act as an advocate for us and come to our defense, the manager for the examination office that handled our OVDP and post-OVDP process, during a teleconference in 2016 stated emphatically, that the opinions of TAS have no impact on their decisions.  So the IRS examiner's statement that their department is not impacted by TAS, coupled with our local TAS office having no offshore expertise, means that our right to assistance from TAS was denied.

| RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS (RCFC) Rule 9(m) Requirements for Tax Refund Claim ||||
|---|---|---|---|
| **This pleading is being filed "under seal".** ||||
| RCFC Rule # | Item Requested | Fulfillment of Request ||
| 9(m) 2(A) | Copy of the Claim for Refund | As per the advice of our IRS Appeals officer, the IRS component of this claim refers to the IRS Appeals Letter "1363"; a copy of which is on the next two pages following this page. <br><br> The claim for 50% reimbursement of associated accounting firm and lawyer fees, is backed up by a record of those disbursements, a copy of which is included on the third page that follows this page. ||
| 9(m) 2(B)(i) | Tax Years for which a Refund is sought | • Payments to IRS, tax-years: 2007, 2010, 2011 <br> • Payments to lawyers: 2012 through 2017 <br> • Payments to accountants: 2014 through present ||
| 9(m) 2(B)(ii) | The amount, date, and place of each payment to be refunded | **IRS Tax-year 2007:** Amount of claim $36,115.20 *(less $6,019.20 refunded from Appeals decision)*, equals: **$30,096.00.** The original payment to the IRS was mailed from Baltimore MD in April 2017 and was deposited by the IRS on April 13, 2017. ||
| | | **IRS Tax-year 2010:** Amount of claim $10,024.80 *(less $1,670.80 refunded from Appeals decision)*, equals: **$8,354.00.** The original payment to the IRS was mailed from Baltimore MD in April 2017 and was deposited by the IRS on April 13, 2017. ||
| | | **IRS Tax-year 2011:** Amount of claim $4,464.00 *(less $744.00 refunded from Appeals decision)*, equals: **$3,720.00.** The original payment to the IRS was mailed from Baltimore MD in April 2017 and was deposited by the IRS on April 13, 2017. ||
| | | Third page following this page, lists the numerous payments sent from Baltimore MD to lawyers and accountants from July 19 2012 through May 1, 2018, totaling $115,072.31 (and growing). Fifty-percent of that which is being included in my claim is: **$57,536.00.** ||
| 9(m) 2(B)(iii) | The date and place the return was filed, if any. | As per the advice of my IRS Appeals officer, this refers to the December 26, 2017 "Formal Protest" letter mailed from Baltimore MD, to the original tax examiner, in Milwaukee Wi; a copy of which is included on the fourth and fifth page that follows this page. ||
| 9(m) 2(B)(iv) | The name, address, and identifying number of the taxpayers appearing on the return | **Primary** <br> David C. Shnier <br> 3401 Olympia Ave. <br> Baltimore MD 21215-1735 <br> SSN: ▆▆▆ 0357 | **Joint** <br> Evelyn Z. Shnier <br> 3401 Olympia Ave. <br> Baltimore MD 21215-1735 <br> SSN: ▆▆▆ 2789 |
| 9(m) 2(B)(v) | The date and place the claim for refund was filed | According to our IRS Appeals officer, this refers to the April 4, 2017 date that is listed under the **"Date claim received"** slot on the aforementioned letter "1363" that contained the decision of the Appeals office. That said, this date is the date that the original payments that I sent to the IRS, were mailed from Baltimore MD and received by the IRS examiner's office in Milwaukee WI. ||
| 9(m) 2(B)(vi) | The identification Number of each plaintiff, if different from the identification number of each taxpayer. | Not applicable; as the numbers are the same as the taxpayers. ||

 **Department of the Treasury
Internal Revenue Service
Appeals Office**
4050 Alpha Road
Suite 517, MC:8000NDAL
Dallas, TX 75244

DAVID C & EVELYN Z SHNIER
3401 OLYMPIA AVE
BALTIMORE, MD 21215-1735

Date: MAY 15 2018

Person to contact:
Name: Karen E Graham
Employee ID Number: 0229257
Phone: (469) 801-0676
Fax: (855) 292-8174
Hours: 7:00 a.m. - 3:30 p.m.
Re:
Income Tax
Tax periods ended:
12/2007 12/2010 12/2011
Form number:
1040
Amount of claim:
12/2007 $36,115.20
12/2010 $10,024.80
12/2011 $ 4,464.00
Amount allowed:
12/2007 $6,019.20
12/2010 $1,670.80
12/2011 $ 744.00
Date claim received:
04/04/2017
Taxpayer ID number:
▉-0357

**Certified Mail** 7011 2000 0002 1482 5801

Dear David C & Evelyn Z Shnier:

We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax and penalty. After making the necessary adjustments, we're allowing part of your claim amount. We can't allow your entire claim for the following reasons:

The previously assessed accuracy penalties are being abated in full in 2007, 2010 and 2011 due to reasonable cause. The adjustments to income tax as previously determined by the examiner, however, should be sustained in full based on all available information. It has been determined that based on information and reference returns that you provided to the examiner, you received distributions from Metropolitan Equities Limited which was determined to the a Passive Foreign Investment Company (PFIC) under IRC § 1297. Furthermore, the PFIC is an IRC § 1291 fund because you did not elected to treat the PFIC as a Qualified Electing Fund (QEF) under IRC § 1295 or make a mark-to-market election with respect to the PFIC under IRC § 1296. The adjustments were made following the rules of IRC § 1291.

Additionally and in 2007, the reference return indicates that you received a distribution from the Norman Shnier Family Trust in the amount of $93,470. This trust was determined to be a foreign non-grantor trust under IRC §§ 641-685. Undistributed Net Income (UNI) becomes taxable to a US beneficiary in the year distributed by the trust. Distributions of UNI are taxed under the throwback rules of IRC § 667 and the tax is subject to an interest charge under IRC § 668. The tax and interest charge under IRC §§ 667-668 for the distribution from the trust total $37,924.

We based our decision on the provisions of the IRS laws and regulations. This letter is your legal notice that we partially disallowed your claim.

Letter 1363 (Rev. 2-2018)
Catalog Number 40674G

If you want to bring suit or proceedings for the recovery of any tax, penalties or other moneys shown on this disallowance notice, you can file suit with the United States District Court having jurisdiction or with the United States Court of Federal Claims. Generally, the law requires you to file suit within two years from the mailing date of this letter. However, if you signed Form 2297, Waiver of Statutory Notification of Claim Disallowance, the two-year period in which to bring suit began on the date you filed the waiver.

For additional overpayment interest, you must file suit within six years from the date of the original scheduled overpayment, in accordance with Title 28 of the United States Code Sections 2401, Time for Commencing Action Against the United States, and 2501, Time for Filing Suit. Your six-year period hasn't been shortened or extended by the filing of your claim.

At the conclusion of the Appeals process, an authorized vendor may contact you to perform an Appeals customer satisfaction survey. Your participation is voluntary and the survey will not ask for personal or financial information of any kind. We'll use the results of the survey to improve the Appeals process and our service to taxpayers. See the Customer Satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys to learn more about IRS-sponsored surveys and for a list of current and recent vendors.

If you have questions, contact the person at the top of this letter.

Sincerely,

Lance M Rodrigues
Appeals Team Manager

Letter 1363 (Rev. 2-2018)
Catalog Number 40674G

OVDP expenses

| Date | Payee | Source | Payment Method | | exchange rate factor (based on Bank of Canada 10 year daily rates) | U.S dollar amount |
|---|---|---|---|---|---|---|
| 7/19/2012 | Ober Kaler (USD$) | Engagement letter 7/12/2012 | US Check # 1596 | $6,000.00 | 1.0000 | $6,000.00 |
| 8/19/2012 | Ober Kaler (USD$) | Engagement letter 7/12/2012 | US Check # 1597 | $5,000.00 | 1.0000 | $5,000.00 |
| 9/19/2012 | Ober Kaler (USD$) | Engagement letter 7/12/2012 | US Check # 1598 | $4,500.00 | 1.0000 | $4,500.00 |
| 10/19/2012 | Ober Kaler (USD$) | Engagement letter 7/12/2012 | US Check # 1599 | $4,500.00 | 1.0000 | $4,500.00 |
| 1/13/2013 | Ober Kaler Refund (USD$) | Engagement letter 7/12/2012 | not applicable | -$7,550.00 | 1.0000 | -$7,550.00 |
| 3/6/2013 | Moodys Tax (CAD$) | Retainer 3/5/2013 | Canadian check # 55 | $7,000.00 | 0.9696 | $6,787.20 |
| 9/30/2013 | Moodys Tax (CAD$) | Invoice # 300330 | Met credit | $43,459.00 | 0.9723 | $42,255.19 |
| 10/9/2013 | Canada Post (CAD$) | Mailing expense | Canadian debit | $15.81 | 0.9618 | $15.21 |
| 12/31/2013 | Moodys Tax (CAD$) | Invoice # 300745 | Met credit | $9,215.60 | 0.9402 | $8,664.51 |
| 1/31/2014 | Moodys Tax (CAD$) | Invoice # 400024 | Met credit | $7,230.00 | 0.8994 | $6,502.66 |
| 3/13/2014 | Arthur Bell | offshore tax forms | US check | $1,225.00 | 1.0000 | $1,225.00 |
| 5/14/2014 | Arthur Bell | offshore tax forms | US check | $190.00 | 1.0000 | $190.00 |
| 6/12/2014 | Arthur Bell | offshore tax forms | US check | $650.00 | 1.0000 | $650.00 |
| 6/30/2014 | Moodys Tax (CAD$) | Invoice # 400231 and 401056 | Canadian check | $5,555.60 | 0.9367 | $5,203.93 |
| 3/19/2015 | Arthur Bell | offshore tax forms | US check | $1,875.00 | 1.0000 | $1,875.00 |
| 3/20/2016 | Shea Nerland Calnan LLP | Fixed fee retainer | US check | $2,500.00 | 1.0000 | $2,500.00 |
| 5/13/2016 | Arthur Bell | offshore tax forms | US check | $1,920.00 | 1.0000 | $1,920.00 |
| 7/19/2016 | Arthur Bell | OVDP calculation | US check | $900.00 | 1.0000 | $900.00 |
| 4/17/2017 | Shea Nerland Calnan LLP | removal from OVDP, etc. | Canadian check # 42 | $15,000.00 | 0.7525 | $11,287.50 |
| 3/15/2017 | Arthur Bell | offshore tax forms | US check | $1,025.00 | 1.0000 | $1,025.00 |
| 4/13/2017 | Arthur Bell | offshore tax forms | US check | $800.00 | 1.0000 | $800.00 |
| 4/28/2017 | Arthur Bell | offshore tax forms | US check | $300.00 | 1.0000 | $300.00 |
| 5/19/2017 | Arthur Bell | offshore tax forms | US check | $290.00 | 1.0000 | $290.00 |
| 5/19/2017 | Shea Nerland Calnan LLP | removal from OVDP, etc. | Canadian check # 44 | $11,061.18 | 0.7342 | $8,121.12 |
| 6/13/2017 | Arthur Bell | foreign gift advice | US check | $220.00 | 1.0000 | $220.00 |
| 6/27/2017 | Arthur Bell | foreign gift advice | US check | $220.00 | 1.0000 | $220.00 |
| 7/11/2017 | Arthur Bell | foreign gift advice | US check | $220.00 | 1.0000 | $220.00 |
| 4/4/2018 | Arthur Bell/Cohen and Co | offshore tax forms | US check | $400.00 | 1.0000 | $400.00 |
| 4/18/2018 | Arthur Bell/Cohen and Co | offshore tax forms | US check | $400.00 | 1.0000 | $400.00 |
| 5/1/2018 | Arthur Bell/Cohen and Co | offshore tax forms | US check | $650.00 | 1.0000 | $650.00 |

Total: $115,072.31

PERSONAL & CONFIDENTIAL

December 26, 2017

Department of Treasury Internal Revenue Service,
Small Business and Self-Employed,
211 West Wisconsin Ave., Mail Stop 4316 Milwaukee WI 53203-2221

Attention: Kimberly Nguyen, Internal Revenue Agent

Re:   Formal Protest Regarding the IRS Decisions Recording on Letter 569 and Form 4549
David C. Shnier SSN: ▮-0357    Evelyn Z. Shnier SSN: ▮-2789

Dear Ms. Nguyen:

Please consider this letter as a *formal protest* for aspects of the IRS decision recorded on Letter 569 and form 4549 for the purpose of becoming compliant vis-à-vis our 1040 tax-forms and the proper inclusion there-in of Canadian sourced income for tax-years 2007, 2010, and 2011. The form 4549 that your office prepared and issued in the first quarter of 2017, required the payment of the amounts to cover back taxes owed, related penalties and interest to become compliant. These amounts which were duly paid by us shortly after receiving form 4549, were:

| Year Ending: | Amount: |
|---|---|
| December 31, 2007 | $49,949.12 |
| December 31, 2010 | $12,115.69 |
| December 31, 2011 | $5,228.21 |

As your 12/13/2017 letter 569 instructs, this correspondence is being done as a *formal protest* because the amount owed (and paid) for one of those tax years was over $25,000.

Therefore as per the guidelines of **Publication 3498**, the following is the requested information for the formal protest. The contents of this formal protest as per Publication 3498, are presented on the next page.

Both David Shnier and Evelyn Shnier's names are applied to this correspondence because the tax returns in question were jointly filed. However, if you need to telephone us, please first contact David Shnier (443-257-1860).

David C. Shnier    Evelyn Z. Shnier
3401 Olympia Ave., Baltimore MD 21215   410-358-7532   cell: 443-257-1860 or 410-292-3693
Email: david.shnier@verizon.net   evelyn.shnier@verizon.net

page 9 of 10 ▮

### David and Evelyn Shnier Formal Protest of Letter 569 and Form 4549 Tax Years 2007, 2010, 2011
### 12/26/2017

| | |
|---|---|
| Name, Address, Daytime phone-numbers | David C. Shnier and Evelyn Z. Shnier; 3401 Olympia Ave. Baltimore MD 21215-1735 Daytime phone-numbers: David C Shnier: 443-257-1860 and Evelyn Z. Shnier 410-292-3693 |
| Appeals Request Statement | We request that the matters we are protesting are submitted to the IRS Appeals Department. Also, we strongly recommend that this specific Appeals officer and office be forwarded the case: Ms. Karen E Graham Department of the Treasury IRS Appeals Office 4050 Alpha Road Suite S17, MC: 8000NDAL Dallas, TX 75244   Phone: (469) 801-0676   Fax: (855) 292-8174. The reason for this recommendation is because Ms. Graham is the officer handling the appeals for the form 3520 US code 6677 related fines that your office also imposed. Through the discovery process of the form 3520 appeals process and Ms. Graham's review of the background package that we submitted, Ms. Graham has become familiar with all aspects of our Canadian income compliancy decisions rendered by your office including the form 4549 decisions. We also believe that the arguments supporting our appeal of the form 3520 related fines and the form 4549 related amounts, are highly interrelated and logic dictates that the Appeal of the form 3520 US code 6677 and form 4549 related issues be handled by one officer. |
| Date and Symbols of IRS Letters | Letter 569 (Rev. 1-2017) dated December 13, 2017; Letter 950 (Rev. 8-2014) dated February 23, 2017; Form 4549 (Rev. 5-2008) prepared in early 2017 plus some of its supporting work papers (501, 504, 505) |
| Tax Periods/Tax-Years Involved | 2007, 2010, 2011 |
| Changes we do not agree with | We do not agree with the IRS decision that David Shnier's non-willful, pre-existing, encumbered, minority interest in Enshnierco and/or Metropolitan Equities (*both of which have always been totally Canadian funded by sources established by David Shnier's Canadian father and uncles*) necessitate the inclusion of form 8621 relating to Passive Foreign Investment Corporation (PFIC); and/or the inclusion of certain income types that are intrinsic to the PFIC US taxation rules, in any of our 1040 tax returns, past, present, or future — all things remaining constant in Mr. Shnier's relationship to Enshnierco and Metropolitan Equities. |
| The facts supporting the reason for our protest | We have analyzed the original tax act that introduced the PFIC tax reporting laws, as well as primary Congressional documentation that explains the PFIC aspects of that tax act, as well as certain Congressional records that discuss the PFIC reporting requirements, and based on this research and analysis, we sincerely believe that the PFIC reporting requirements do not apply to David Shnier's non-willful, pre-existing, encumbered minority interest in Enshnierco and/or Metropolitan Equities (*both of which have always been totally Canadian funded by sources established by David Shnier's Canadian father and uncles*) all things remaining constant in Mr. Shnier's relationship to Enshnierco and Metropolitan Equities. We have also carefully reviewed the Tax Payers Bill of Rights published at this IRS website: https://www.irs.gov/taxpayer-bill-of-rights (including careful review of the *drill-down* links at this web site), and find that the IRS decision to apply the complicated, obscure and *costly to administer* PFIC laws against *non willful, pre-existing, encumbered,* non-US (foreign) ancestral funded situations such as our situation or similar situations of other immigrants, violates a number of these rights, including the right to be informed, and the right to not be discriminated against based on country of origin.. |
| The law and authority on which we are relying | The Tax Reform Act of 1986. The General Explanation of the Tax Reform Act Of 1986 (B.R. 3838, 99th Congress; Public Law 99-514). Congressional Record s4650, The IRS Tax Payers Bill of Rights. |

Under the penalties of perjury, we declare that we examined the facts stated in this protest, including any accompanying documents, and to the best of our knowledge and belief, they are true, correct and complete.

Sincerely,

David C. Shnier ▮-0357    Evelyn Z. Shnier ▮-2789

Dated:  12/26/2017    12-26-2017

David C. Shnier    Evelyn Z. Shnier
3401 Olympia Ave., Baltimore MD 21215   410-358-7532   cell: 443-257-1860 or 410-292-3693
Email: david.shnier@verizon.net    evelyn.shnier@verizon.net